HAMILTON EMPLOYMENT SERVICE, INC., Appellant, v.
NEW YORK TELEPHONE COMPANY, Respondent.

(Argued April 8, 1930, decided May 6, 1930.)

*E. Crosby Kindleberger* for appellant. The furnishing
by a telephone company of correct directories of its sub-
scribers is an important part of its service, and errors and
omissions which injuriously affect its subscribers entitle
them to recover damages from the telephone company.

(*Masterson* v. *Chesapeake & Potomac Tel. Co.*, 299 Fed. Rep. 890; Jones on Telegraph & Telephone Companies, § 256; *Baldwin* v. *Chesapeake & Potomac Tel. Co.*, 156 Md. 552; *Schwanke, Inc.*, v. *Wisconsin Tel. Co.*, 227 N. W. Rep. 30; *Webster* v. *Nebraska Tel. Co.*, 17 Neb. 126; *California Fireproof Storage Co.* v. *Brundige*, 248 Pac. Rep. 669.) The defendant telephone company not affording its subscribers a choice of rates is not entitled to escape liability for its negligence by regulations or contract. (*Kilthan* v. *International Mercantile Marine Co.*, 245 N. Y. 361; *Union Pacific Co.* v. *Burke*, 255 U. S. 317; *Lawrence L. Co.* v. *Compagnie Generale Transatlanticque*, 18 Fed. Rep. [2d] 930; *Transmarine Corp.* v. *Levitt & Co.*, 25 Fed. Rep. [2d] 275; *The Merauke*, 31 Fed. Rep. [2d] 974; *Philippine Ref. Corp.* v. *U. S.*, 33 Fed. Rep. [2d] 974; *Straus & Co., Inc.*, v. *Canadian Pac. Realty Co.*, 227 App. Div. 316; *Adams Express Co.* v. *Croninger*, 226 U. S. 491; *Southern Express Co.* v. *Byers*, 240 U. S. 612; *Weld* v. *Postal Tel. Cable Co.*, 199 N. Y. 88; *Kerr Steamship Co.* v. *Radio Corp.*, 245 N. Y. 284; *Western Union Tel. Co.* v. *Esteve Bros. & Co.*, 256 U. S. 566; *Western Union Tel. Co.* v. *Czizek*, 264 U. S. 281; *Western Union Tel. Co.* v. *Priester*, 276 U. S. 252.) The regulation of the telephone company is unreasonable and unconstitutional. (*People ex rel. Delaware & Hudson R. R. Co.* v. *Stevens*, 197 N. Y. 1; *Matter of New York City Elec. Corp.* v. *Public Service Comm.*, 227 App. Div. 18; *Avent* v. *United States*, 266 U. S. 137; *Missouri* v. *Public Service Comm.*, 262 U. S. 276.)

*Irving W. Young, Jr., N. H. Egleston, Edward F. Snydstrup* and *Charles T. Russell* for respondent. The terms and conditions of the service contract and respondent's rules and regulations are binding on the appellant if they are reasonable, and having been duly filed with the Public Service Commission they are presumed to be reasonable until the Commission determines to the contrary. (*Kerr Steamship Co.* v. *Radio Corp.*, 245 N. Y.

284; *Primrose* v. *Western Union Tel. Co.*, 154 U. S. 1; *Weld* v. *Postal Tel. Cable Co.*, 199 N. Y. 88; *Mitchell Coal Co.* v. *Pennsylvania R. R. Co.*, 230 U. S. 247; *Morrisdale Coal Co.* v. *Pennsylvania R. R. Co.*, 230 U. S. 304; *Metzger* v. *N. Y. State Rys.*, 168 App. Div. 187; *Loomis* v. *Lehigh Valley R. R. Co.*, 208 N. Y. 312; *Murray* v. *New York Tel. Co.*, 170 App. Div. 17; 226 N. Y. 590; *Postal Tel. Co.* v. *Warren*, 251 U. S. 27; *Gardner* v. *Western Union Tel. Co.*, 231 Fed. Rep. 405; 243 U. S. 644; *Czizek* v. *Western Union Tel. Co.*, 272 Fed. Rep. 223; 264 U. S. 281.)

O'BRIEN, J. For several years plaintiff was a subscriber to defendant's telephone service in New York city. It occupied a main office in Church street and a branch in Madison avenue with separate numbers assigned to it by the telephone company. During those years plaintiff's numbers appeared correctly listed in defendant's directory. In the volume issued for December, 1928, the number for its main office was omitted and the one for the branch office incorrectly listed. The mistakes do not appear other than unintentional. As a result of these omitted and incorrect listings, plaintiff expended moneys in advertising in newspapers, issuing circulars and employing solicitors in order to communicate with its customers and it brings this action to recover damages for the breach of contract in failing to publish the correct numbers. In the absence of reasonable contract stipulations limiting liability for omissions and errors, defendant might perhaps be liable for breach of contract. Courts in other jurisdictions have so held or, at least, intimated. (*Masterson* v. *Chesapeake & Potomac Tel. Co.*, 299 Fed. Rep. 890; *Baldwin* v. *Chesapeake & Potomac Tel. Co.*, 156 Md. 552; *Schwanke* v. *Wisconsin Tel. Co.*, 227 N. W. Rep. 130.) Telephone companies are, no more than telegraph companies, insurers, but they are bound to exercise adequate diligence. (*Weld* v. *Postal Telegraph-Cable Co.*, 199 N. Y. 88.)

As part of the contract of service, appears a condition or regulation as follows: "No liability for damages arising from errors or omission in the making up or printing of its directories shall attach to the company, except in the case of charge listings, in connection with which its liability shall be limited to a refund at the monthly rate for each listing for the time an error or omission continues after reasonable notice in writing to the company." Unless this condition is reasonable, it is not binding upon plaintiff. The preparation and delivery of a directory is not a primary part of the business of a telephone company. It is wholly subordinate to the main transaction of transmitting messages. A directory may be compared to a railroad time table. Courts do not hold a carrier to the same degree of liability for mistakes in time tables as for negligence in operation of trains. The principle of *Weld* v. *Postal Telegraph-Cable Co.* (199 N. Y. 88, 98) seems to support the proposition that the regulation at bar in so far as it does not seek immunity from gross negligence or willful misconduct, is reasonable. While holding that a telegraph company is without power to limit its liability for gross negligence or willful misconduct, this court citing many precedents has gone on record to the effect that those who are not insurers " have the power to limit their liability in cases where mistakes occur through no fault on their part, or for such mistakes of their employees as will occur through ordinary negligence in spite of the most stringent regulations or the most vigilant general oversight." The complaint before us alleges negligence without characterizing it as gross or stating facts from which gross negligence could be inferred. Perhaps the reason for defendant's errors will never be known. Certainly, in the absence of an allegation of gross negligence or willful misconduct, nothing worse will be inferred than ordinary negligence such as some unaccountable mistake by an employee who could not be entirely controlled by any regulation however

stringent. In the crowding and rush of preparing a volume containing hundreds of thousands of names and numbers, complete freedom from error is practically impossible. In view of the language of the limiting regulation, the right to make reasonable regulations and the absence of an allegation of gross negligence or willful misconduct, the dismissal of the complaint must be upheld.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgment affirmed.