ALBERT SANTORO, Plaintiff, *v.* CENTRAL NEW YORK POWER CORPORATION, Defendant.

Supreme Court, Trial Term, Oswego County, June 24, 1947.

*Leyden E. Brown* for plaintiff.
*Harry Mizen* for defendant.

SEARL, J.   A jury has awarded plaintiff a verdict of $8,251.56 for loss of lettuce and romaine due to failure of defendant to provide an adequate transformer for supply of electric current to a cold storage plant leased by plaintiff, and to timely replace the transformer.

Among other defenses was a provision contained in tariff schedule for electric service filed with the Public Service Commission, alleged to constitute a contract between defendant and subscribers for electric service, including the owner of the cold storage plant leased by plaintiff.   A clause in this contract provided that the defendant could not be held liable for damages caused as a result of ordinary negligence in the maintenance of electric service.   In support of this contention, defendant called to the attention of the court an opinion in 26 Public Utilities Reports 373.   This opinion suggested the Public Service Commission would not approve a provision that in effect sought to relieve a public service corporation from gross or willful negligence, suggesting, at the same time, it would approve a provision relieving a service corporation from liability for damage occurring through ordinary negligence.   (*Hamilton Emp. Service, Inc.*, v. *New York Tel. Co.*, 253 N. Y. 468, 471.)   That immunity from liability in case of gross negligence cannot be had is already settled law.   Public policy forbids it.   (*Weld* v. *Postal Telegraph-Cable Co.*, 199 N. Y. 88; 210 N. Y. 59; *Hamilton Emp. Service, Inc.*, v. *New York Tel. Co.*, *supra; First Nat. Bank* v. *Ocean Nat. Bank*, 60 N. Y. 278, 295; *Gurney* v. *Grand Trunk Ry. Co.*, 59 Hun 625, opinion in 14 N. Y. S. 431, affd. on opinion below 138 N. Y. 638.)

The proof in the instant case indicated that a transformer having a capacity of 7.5 kva was servicing a known load of 11.4 kva.   The transformer burned, clearly from overloading.   The question presented was: Did such overloading amount to ordinary or gross negligence?

The dividing line, in a charge to a jury, between ordinary and gross negligence may be so thin as to be hardly perceptible.   This is true, although the court charges the rule generally that gross negligence is the failure to exercise slight care, or the want of that ordinary diligence and care, which a usually prudent man takes of his own property of like description.   In the instant case, the test as to whether gross negligence caused the loss seems to be: Does the evidence disclose a lack of skill on the part of defendant's employees or the use of appliances unsuited for the work undertaken?

The capacity of a transformer to carry a known or easily determined load is a matter of computation by experts in the electrical field. It is clearly not a subject familiar to the average householder.

Our appellate courts have limited the liability of telegraph and similar public service corporations to gross negligence when stipulated by contract. However, no case can yet be found limiting the liability of a public service corporation furnishing electric current solely to gross negligence where a subscriber has, for instance, been damaged or burned on his owned or leased premises due to faulty condition, or maintenance, of the company's wires outside the premises.

When a patron of a telegraph company sends a message, he at least has the opportunity of reading the provisions printed on the blank, which limits liability. In case of a public service corporation furnishing electricity, the Public Service Commission may have allowed the insertion of a clause in the schedule filed with it limiting liability as to users of electric current. However, what percentage of users are actually aware of such a limitation?

To permit both litigants in the instant case to present this question squarely to an appellate court, if so prompted, the Trial Court gave to the jury special questions as to " ordinary " or " gross " negligence. Upon a finding by the jury of " gross " negligence, a general verdict for plaintiff was directed in the amount of damages found by the jury.

The various findings of the jury being amply supported by the evidence, defendant's motion for a new trial is denied.