Cecil C. MITCHELL, Vera Mitchell, George Croft and Lena Croft (Plaintiffs), Appellants,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, a Corporation (Defendant), Respondent.

No. 29599.

St. Louis Court of Appeals.

Missouri.

Feb. 5, 1957.

Kappel & Neill, Walter S. Berkman, St. Louis, for appellants.

John Mohler, George J. Meiburger, St. Louis, for respondent.

WOLFE, Commissioner.

This is an action wherein the plaintiffs seek to recover damages for breach of an advertising contract. The advertisement in question was in the classified section of the defendant's telephone directory. One of the telephone numbers in the advertisement was not the correct number, and the plaintiffs contended that they were damaged by the error to the extent of $3,741.08. The defendant counterclaimed for the contract price of two other advertisements which were correctly printed. One was in the East St. Louis classified directory and the contract price was $25; the other was in the St. Louis County classified directory and the contract price was $288. It was stipulated that the defendant was entitled to a judgment for the two amounts last mentioned, and the court directed a verdict for the defendant on the two claims and further directed a verdict in favor of the plaintiffs in the sum of $1. From the judgment that followed, the plaintiffs prosecute this appeal.

The plaintiffs were in the business of renting trailers and concrete mixers. As partners they operated under the name of "Croft Rental Company". They contracted for advertisements in the St. Louis classified phone directory. One advertisement took up a quarter of a page under the classification of trailers. It carried their name, pictures of various types of trailers that they rented, picture of a concrete mixer, and stated that they were members of a nation-wide rental system which permitted the renter to leave the trailer at the city of the renter's destination when rented for a one-way trip. The other advertisement was under the classification of concrete mixers. It was smaller and merely advertised the rental of the mixers.

In the larger advertisement classified under "trailers", two phone numbers were listed. One was Evergreen 1–9384 for a rental lot on North Broadway and the other was Garfield 1–3144 for the main office and rental lot on Salisbury Street. The last number was wrong and it should have been Central 1–3144. The same error was made in the small ad for the rental of concrete mixers which carried but one number. The term of the contract was for twelve months and the plaintiffs agreed to pay the defendant $1,344 on which amount they had paid $112. The correct number of the company appeared in that part of the directory where all subscribers are listed alphabetically.

Mrs. Vera Mitchell, one of the plaintiffs, who took phone calls at the Salisbury

Street address and kept the books of the company, was the only witness who testified. As most of the facts above stated were admitted, her testimony was chiefly confined to that which the plaintiffs considered proof of their damages. She testified that the Croft Company was open for business seven days a week, and that their busiest time was on weekends. The number in the classified section (Garfield 1-3144) was the number of the Senack Shoe Company, and she said that after it appeared in the advertisement instead of their proper number (Central 1-3144) she called the Senack Shoe Company to have them refer calls, erroneously made to them, to the right number. She said that she did not receive full assistance from the shoe company in this respect and that the shoe company was not open on Saturdays and Sundays.

The witness stated that she had never counted the number of phone calls the Croft Company received prior to the issues of the 1954 directory, and, over the objection of the defendant, she estimated that on Monday, Tuesday, Wednesday, Thursday, and Friday the calls had averaged twenty-five a day. She also estimated that an average of forty calls had been received on Saturdey and fifteen on Sunday. She said that after the 1954 directory was circulated she made a count of calls received on Saturday and Sunday but not on a weekday. The witness then estimated that the calls dropped from fifteen on Sunday to five, on Saturday from forty to fifteen, and on the other days of the week from twenty-five to ten. She also estimated that fifty per cent of the calls received resulted in rentals. She said that about eighty per cent of the rentals were for two dollars and twenty per cent of the rentals were for four dollars. The percentage of profit on a rental was said to be forty-five per cent. The witness further testified that under the Nationwide Trailer Rental System, of which they were members, they occasionally rented trailers for cross-country use for which they received from $7.50 to $125.

The witness stated that they had advertised by radio and television to offset the mistake in the directory and for this they had expended $1,236.88. The company earned more in 1954 than it had the previous year when its number was correctly carried in the directory. The witness attributed this to the fact that they had more trailers. She also stated that when the 1955 directory came out, with the correct number in it, their phone calls increased immediately, being almost double the number received before.

■■■ The defendant questions our jurisdiction of this appeal because the prayer of plaintiffs' petition asks for $50,000 as damages. The defendant states that since the appellants seek a new trial upon this petition the amount in controversy is $50,000 and that consequently it is in excess of $7,500, to which our jurisdiction is limited. Mo.Const. Art. V, Sec. 3, V.A.M.S. The defendant has overlooked the fact that we are not restricted to the pleadings in determining our jurisdiction. We may look at the record, and here the record discloses that the maximum damages claimed are $3,714.08, and the jurisdiction of this appeal is properly with us. Beasley v. Athens, Mo., 277 S.W.2d 538; Baer v. Baer, 364 Mo. 1214, 274 S.W.2d 298.

It is contended by the plaintiffs that the court erred in directing a verdict for nominal damages and they maintain that the various estimates made by their witness presented a reasonable basis for fixing the damages. They estimate that 50% of their phone calls resulted in sales and they estimate that they lost 4,430 calls during the year. They estimate that 80% of their rentals are for $2, and 20% for $4, and by this they arrived at an estimated gross loss on rentals of $5,316, upon which they claim a net loss of 45%, which would have been their profit. To this they add the sum paid for other advertising and

the $112 paid on the contract in question to reach the total of $3,741.08 which they claim as damages. Against this contention and in support of the trial court's ruling the defendant, respondent, maintains that such evidence did not afford the jury a reasonable basis for determining that plaintiffs would have had a greater net profit, or if they would have had a greater net profit no proper proof of the amount of such additional profit was made.

The plaintiffs, in support of their contention that there was a sufficiency of proof of damages to make a submissible case, state that a plaintiff should not be denied substantial recovery if he has produced the best evidence available and it is sufficient to afford a reasonable basis for estimating his loss. We are cited to a number of cases but those upon which the plaintiffs principally rely are Faire v. Burke, 363 Mo. 562, 252 S.W.2d 289, Smalley v. Wunderlich, Mo.App., 62 S.W.2d 919, and Masterson v. Chesapeake & Potomac Telephone Co., 55 App.D.C. 23, 299 F. 890.

The first case, Faire v. Burke, had to do with crop damages due to faulty spraying. There was proof of the condition of the crop before and after the spraying took place and proof of the extent of the damage done. There appears to be no similarity between this and the situation before us. The same may be said of Smalley v. Wunderlich, which had to do with the breach of a contract to supply gravel and the proof of the profit lost was clearly shown by the evidence.

The case of Masterson v. Chesapeake & Potomac Telephone Co., comes somewhat closer in point of fact than the first two cited, inasmuch as it has to do with the complete omission of a doctor's name from a telephone directory. There was evidence that his calls fell from an estimated twenty-five a day to five or seven by reason of the omission. There was evidence that a patient seeking his office could not reach him by telephone and there was also evidence that he suffered an actual loss of $5,000,

which could have been attributed to no other reason than the omission of his name from the directory. This was a proven loss of profit.

None of the foregoing cases nor the others cited present facts that are analogous to the facts before us. We must weigh the evidence under the established rule that a recovery of speculative or conjectural profits cannot be had. In Tnemec Co. v. North Kansas City Development Co., Mo., 290 S.W.2d 169, 174, our Supreme Court had under consideration a suit for loss of profit by reason of delay in paving a street next to plaintiff's factory. In passing upon the sufficiency of proof it had this to say:

"In order to prima facie prove plaintiff's case, evidence in the form of reliable data should have been forthcoming so that a jury could reasonably find a loss or a lesser profit for the stated months was due to the delay and could also make a reasonably accurate estimate or approximation of the amount of the loss. It seems that plaintiff was relying solely upon the estimate given by its secretary-treasurer as proof of loss of profits (and of the amount thereof) due to defendant's delay. * * * This court and the courts of appeal of this state have been strict in evaluating the sufficiency of the evidence warranting a recovery of damages for loss of profits. Our courts have refused to permit a jury to speculate, without substantial basis, as to what might be probable or expected profits as an element of damages."

Applying the foregoing to the evidence before us, it appears that the proof of loss of profits was insufficient. In the first place the earnings of the company were greater than the year before and the estimated loss was reached by estimate upon estimate, which left the whole matter in the realm of conjecture or speculation. Shealy's Inc., v. Southern Bell Telephone & Telegraph Co., D.C.S.C., 126 F.Supp. 382.

As to the cost of radio and newspaper advertising said to have been used to minimize plaintiffs' loss of profit, this might have been an item of damage if there had been proof of a loss of profit, proof that these advertisements did reduce the loss and were expenditures necessary to do so. There was no such proof and the advertisements for the most part were quite remote in point of time from the date when the directory was issued. For these reasons they were not allowable as damages.

The question is also raised as to the validity of the clause in the contract between the parties limiting the liability of the telephone company. It is as follows:

"The applicant agrees that the Telephone Company's maximum liability for damages arising out of errors or omissions in the directory advertising to be provided shall be limited to the amount to be charged for such directory advertising."

The plaintiffs contend that this clause is invalid and rely upon Jacobs v. Western Union, 196 Mo.App. 300, 196 S.W. 31. This was an action arising out of defendant's failure to deliver a telegram. It was an action *ex delicto* bottomed on the breach of a public duty wherein the court held that a contractual limitation of liability was invalid. The running of advertisements in the classified section of a telephone directory is not a public service but a matter of private contract between the subscriber and the telephone company and a contractual limitation of liability for the breach of such a contract is a valid limitation. Baird v. Chesapeake & Potomac Telephone Co., 208 Md. 245, 117 A.2d 873; McTighe v. New England Telephone & Telegraph Co., 2 Cir., 216 F.2d 26; Russell v. Southwestern Bell Telephone Co., D.C.Tex., 130 F.Supp. 130.

The plaintiffs contend that they at least were entitled to the $112 that they had paid on the contract, but the defendant maintains that before they can recover the amount paid there must be shown a total failure of consideration. We are cited to Western Outdoor Advertising Company of Nebraska v. Berbiglia, Mo.App., 263 S.W. 2d 205. That case had to do with advertising by the erection of signs or billboards. These were erected but there was evidence that some of them were not maintained properly as provided by the contract. The Kansas City Court of Appeals held that since there was no complete failure of consideration, the advertiser could not recover the amount paid for the signs.

This is quite different from the facts here under consideration. The purpose of the advertisement was to inform the public of the plaintiffs' telephone number. It is true that the number for the Broadway rental lot was correctly printed, but the evidence was that the business done from this place was quite negligible. The telephone number of the main rental lot was improperly listed in both advertisements. This presented sufficient evidence from which it could be found that the advertisements were worthless and would support an award of damages in the amount paid for the advertisements.

For the reasons stated, it is the recommendation of the Commissioner that the judgment be reversed and the cause remanded.

PER CURIAM.

The forgoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed and the cause remanded.

ANDERSON, P. J., MATTHES, J., and JAMES D. CLEMENS, Special Judge, concur.