## CIRCUIT COURT OF PRINCESS ANNE COUNTY

Jack Brothers et al.

v.

Reuben H. Donnelley Corp. et al.

January 30, 1958

Ended File No. 3941

BY JUDGE H. W. MACKENZIE, JR.

The defendants' motion for summary judgment in this case raises the issue of the validity of a provision in a contract for yellow page advertisement in the Virginia Beach Telephone Directory which reads: "In the event of any error in or omission of the advertising for which application is hereby made, the telephone company will not be held liable for an amount not [sic] exceeding the amount of the advertising charge which shall have been actually paid hereunder for the period during which such error or omission continues."

The validity of the identical or very similar provision with respect to yellow page advertising in the telephone directory has been specifically upheld in a number of cases cited by the defendant. *McTighe v. New England Tel. & Tel.*, 216 F.2d 26 (2d Cir. 1954); *Russell v. Southwestern Bell*, 130 F. Supp. 130 (E.D. Tex. 1955); *Mitchell v. Southwestern Bell*, 298 S.W.2d 520; *Add v. Chesapeake & Potomac*, 117 A.2d 873; *Hamilton v. New York Tel. Co.*, 171 N.E. 710; *Lane v. New York Tel. Co.*, 165 N.Y.2d 661. These cases are further authority for the proposition that the telephone company, notwithstanding its status as a public utility, is acting in a private capacity in making its contracts with respect to yellow page advertising, and that its legal duties are different from those with respect to listings in the directory proper. It is contended by the plaintiff that in Virginia contracts against the consequences of one's negligence are void as against public policy, and he cites the case of *Johnson v. Richmond & Danville R.R.*, 86 Va. 975 (1890), in support of this position. The true rule seems to be that it is illegal for a person to attempt to contract against the consequences of some breach of duty imposed upon him by law,

but when there are no duties between the parties except such as arise by virtue of their contract, it is entirely proper for them to limit their responsibilities by appropriate provision. 12 Am. Jur. 684. This principle has even been extended to uphold provisions against liability in railroad leases of buildings adjoining its right of way which exempts the company from the consequences of fire caused by its locomotive. *See* 44 L.R.A. n.s. 1127.

Virginia has given its implied sanction to the rule of law above quoted in upholding the provisions of a contract for stipulated liquidated damages under an agreement which gave rise to the reciprocal duties between the parties. *See, Crawford v. Heatwole*, 110 Va. 358 (1909).

It is, therefore, the ruling of the court that the defendant is entitled to summary judgment.