**WHEELER STUCKEY, INC., a corporation, Plaintiff,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, a corporation, Defendant.**

**Civ. No. 67–155.**

United States District Court
W. D. Oklahoma.

Dec. 27, 1967.

Carroll Freeman, Paul Brown, of Brown, Verity & Brown, Oklahoma City, Okl., for plaintiff.

James A. DeBois, Charles G. Hollis, William L. Leonard, and Robert D. Allen, Oklahoma City, Okl., for defendant.

## ORDER

EUBANKS, District Judge.

This cause comes on for consideration on the motion of defendant for summary judgment filed pursuant to the provisions of Rule 56(b) and (c) Federal Rules of Civil Procedure which motion states that the amended complaint and answers thereto and the affidavits on file show that the defendant is entitled to judgment as a matter of law.

From an examination of all pleadings on file and the various briefs and affidavits, it appears that this suit was originally filed in the State District Court of Oklahoma County, on March 17, 1967, alleging breach of contract. Actual and punitive damages are sought as a result of defendants' erroneously listing and omitting a part of plaintiff's address in the yellow and white pages of defendant's telephone directories and errors in the yellow page advertisement of said directories issued approximately April 1, 1965 and April 1, 1966. Claimant's Amended Complaint sets up two causes of action. For the error and omissions in listings in both the yellow and white pages of the directories plaintiff in Count One alleges that the actions of defendant in this regard were wrongful and grossly negligent with reference to its duties and obligations to plaintiff and that plaintiff is entitled to actual damages in the sum of $19,014.10 and exemplary damages in the sum of $25,000.00. For the errors and omissions in the advertising contracted

for in the yellow pages of the directories plaintiff alleges in Count Two that the actions of the defendant with respect to its duties and obligations to plaintiff were wrongful and grossly negligent for which plaintiff is entitled to actual damages in the sum of $5,000.00 and exemplary damages in the sum of $10,000.00.

This case was removed to this Court by reason of diversity of citizenship and the recovery sought being in excess of $10,000.00.

By way of defense to the action and in support of the motion for summary judgment, the defendant alleges that any liability of the defendant for errors and omissions in the 1965 directory has been satisfied by an accord and satisfaction between the parties or, in the alternative, by a complete fulfillment of the liability imposed upon defendant for such errors under the contract between the parties. Defendant attaches an affidavit of Jim H. Hurst to the motion for summary judgment claiming an agreed settlement with plaintiff by a cancellation of all charges for advertising in the 1965 directory which defendant contends is the maximum allowed by the terms of the contract and general exchange tariff, rules and regulations applying to all customer's contracts, approved and on file with the Oklahoma Corporation Commission, the pertinent provisions of which read as follows:

> "ERRORS—The Telephone Company's liability for damages arising from errors or omissions in the making up or printing of its directories or in accepting listings as presented by customers or prospective customers shall be limited to the amount of actual impairment of the customer's service, and in no event shall it exceed the amount paid for the service during the period covered by the directory in which the error or omission occurs."

The contract for directory advertising signed by plaintiff's agent contains the following provision:

> "The applicant agrees that telephone company shall not be liable for errors or omissions in directory advertising beyond the amount paid for the item or items omitted or in which errors occurred, for the issue life of the directory involved."

Defendant further contends that exemplary damages for the breach of an obligation arising out of contract are not recoverable under the laws of Oklahoma and that plaintiff's claim for exemplary damages based upon alleged errors in plaintiff's listings in the 1965 Oklahoma City telephone directory is barred by the Statute of Limitations, Title 12, O.S.1961, Section 95, since said claim was not initiated by plaintiff within one year after the cause of action arose.

This Court is of the opinion that it is the duty of the telephone company to furnish subscribers with all reasonable facilities required for the efficient operation of its telephone service, including correct listing of the names of the subscribers and the numbers and locations of their telephones in the alphabetical directories issued by it. If the company fails to perform that duty, or, in the breach of its duty fails to list a subscriber's name and telephone number in its directory or erroneously lists the name or number, it may be held liable for damages occasioned to the subscriber by the neglect to perform that duty. (52 American Jurisprudence § 95.)

The Court is further of the opinion that the telephone company may, by contractual stipulation, or by general exchange tariff, rules and regulations applying to all customer's contracts, which are on file and approved by the Oklahoma Corporation Commission limit the amount of its liability for injuries resulting from omissions and mistakes, both in the listings and the advertising portions of its telephone directory, so long as it does not seek immunity from gross negligence or wilful misconduct. However, mere inadvertent errors, even if resulting from the carelessness or negligence of an employee or agent, is insufficient to support gross negligence. Hamilton Employment Service v. New York Tel. Co. (1930) 253 N.Y. 468, 171

N.E. 710; Georges v. Pacific Tel. & Tel. Co. (1960 DC Or.) 184 F.Supp. 571; Smith v. Southern Bell Tel. & Tel. Co. (1962) 51 Tenn.App. 146, 364 S.W.2d 952. Limitation of liability clauses of this type have been upheld in a number of cases. Russell v. Southwestern Bell Telephone Co., 130 F.Supp. 130 (ED Tex.1955); Faber v. Southwestern Bell Telephone Co., 155 F.Supp. 162 (SD Tex.1957); Mitchell v. Southwestern Bell Telephone Co. (1957 Mo.App.) 298 S.W.2d 520.

With reference to the claim having been barred by the Statute of Limitations, the Court is of the opinion that the telephone company's liability, if any, arises from contract and has not been barred.

There is a dispute as to whether or not there has been an accord and satisfaction settlement made with reference to the 1965 claims by defendant's cancellation of the charges for that year.

The Court is further of the opinion that there is a dispute as to the amount of damages, if any, sustained by plaintiff in this case and that an evidentiary hearing will be necessary to prove same. See Garcia v. Mountain States Telephone and Telegraph Company (10th Cir. 1963), 315 F.2d 166. A summary judgment can be granted only if there is no genuine dispute as to any material fact. Free v. Bland, (1962) 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180; Frey v. Frankel, C.A.Kan.1966, 361 F.2d 437. Plaintiff's recovery will be limited to the terms of the contract above mentioned.

As regards plaintiff's claim for exemplary or punitive damages see 23 O.S.A. § 9 which provides:

"In any action for the breach of an obligation *not arising from contract,* [italics mine] where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

It is therefore ordered, that the motion for summary judgment be, and the same hereby is, overruled.

The Clerk of the Court is directed to mail a copy of this order to all counsel of record.