Richard S. Lane, J.
Plaintiff seeks to recover herein damages resulting from inadequate telephone service at his place of business.
The parties agree that the order for service was placed in early December, 1969 and that service was fully restored as of February 9, 1970. In between there is only conflict. Plaintiff testified to installation around December 19, 1969, malfunctioning from around December 25, 1969, and a steady stream of complaining calls to defendant which were ignored. He admits, however, that he had no fault to find with defendant’s employees on the scene. According to defendant’s witnesses and records, service was not installed completely until January 6, 1970, that earlier limited service was not billed to plaintiff, and that the first complaint from plaintiff ás to malfunctioning was not received until January 26, 1970.
I find the facts as presented by defendant. I do not doubt that plaintiff made the many complaining calls to which he testified, but I believe they reflected his exasperation first at the slow pace of installation, and thereafter at the slow pace of repair. The court can sympathize with plaintiff — more and more of his fellow citizens are finding that, faced with an explosion in numbers and technology, defendant is unable to provide its crucial services with the apparently effortless efficiency of bygone days. Perhaps, having a virtual monopoly, defendant is not doing everything it could to remedy its problems.
In any event, there is nothing in the record to sustain "a finding of “ gross negligence” or ‘ 1 wilful misconduct” on the part of defendant — which is required, pursuant to defendant’s rules and regulations on file with the Public Service Commission, before defendant can be held liable for damages for service interruption. These rules and regulations and the limitations on liability therein have been upheld by the courts (Hamilton Employment Serv. v. New York Tel. Co., 253 N. Y. 468).
Accordingly, plaintiff is entitled herein only to a prorata service credit of 86 cents per day for the 15 days between January 26 and February 9 or a total of $12.90. He may have judgment therefor, together with the costs and disbursements of this action, except to the extent that he may have already received the appropriate credit on his account.