Bentley Kassal, J.
This is an action in the Small Claims Court by a telephone subscriber to recover the sum of $300 from *349 the New York Telephone Company for damages resulting from the ‘ ‘ failure to provide proper service ’ ’. The amount represents the time plaintiff claims he expended during the 8-month period from January through August, 1970, as a result of the poor service provided him for his telephone. As part of the proof, he detailed a total of 61% hours which he figured at an hourly rate of $5.00.
Among the various time-consuming items which he listed were:
Waiting for a dial tone, operators to answer, information to answer, information to look up numbers or information supervisors to follow up and locate numbers; re-dialing local calls because of re-dial recorded messages, no ringing, no connection, wrong numbers or crossed wires; waiting for repair service to answer or return to the line, business office operators and representatives to answer or come on to line; complaints about bad service; and re-dialing long distance calls because of wrong-numbers, busy circuits, no connection or noisy lines.
Defendant presented no proof but moved to dismiss the complaint for failure to prove a prima facie case.
Unfortunately, all of these exasperating, frustrating and delaying experiences are matters with which we are intimately familiar. They represent a bane in our highly sophisticated electronically controlled society and present an ironic situation. Indeed it is inconceivable that our man-made satellites which are in part designed and made by Bell Systems, are at this very moment hurtling through the universe towards Mars with full communication facilities and electronic controls and yet Bell Systems is apparently unable to provide simple telephonic service between two earthbound individuals who may even be in the same building.
Under the facts presented, the law is clear that the liability of the telephone company for “ damages arising from errors, mistakes, omissions, interruptions, or delays ’ ’ is limited to “ gross negligence or wilful misconduct”. This limitation, embodied in its tariff, has been upheld by the courts. (Weld v. Postal Tel. Cable Co., 199 N. Y. 88; Hamilton Employment Serv. v. New York Tel. Co., 253 N. Y. 468.)
My colleagues on this bench have been confronted continuously with cases involving bad telephone service. The result has been uniform in that they have found some proof of negligence but none have as yet found “ gross negligence ” or “ wilful misconduct ’ \
*350 (Eisner v. New York Tel. Co., 67 Misc 2d 506 [Judge Richard S. Lane] ; Deerin v. New York Tel. Co., Index No. 1293/56 [Judge Arthur Wachtel] ; Kassoy v. New York Tel. Co., Index No. 8939/68 [Judge Leonard L. Finz] ; Fisher v. New York Tel. Co., Index No. 9775-70.)
However, in this case I believe there is evidence of more than ordinary negligence in at least some of the instances outlined by the plaintiff in his proof.
The entire pattern of horrendous telephone .service demands drastic action which does not appear to have been taken in spite of the recent public relations program in the newspapers developed to demonstrate improvement in service. The telephone company would be well advised to recognize that undoubtedly a better image would be created by spending this same money for the repair or replacement of equipment and in improved training of its employees.
The cavalier attitude of the New York Telephone Company, secure in its self-established legal immunity and monopoly, completely disregards the welfare of the public. But more importantly, from a legal standpoint, such legal immunization is only reasonable to insulate the public utility from liability for ordinary mistakes and delays; it was not intended to be used to protect the telephone company when it oversteps the bounds of tolerable error, particularly in light of the protracted duration of the breakdown in telephone service. As Judge Finch stated in his dissenting opinion in Emery v. Rochester Tel. Corp. (271 N. Y. 306, 312-313): “We are not unaware of the fact that a telephone company cannot be made liable for every delay and fault in .service. That some incidental delay often occurs is well known, and such delays must be expected. Nor is the telephone company an insurer of service at all times, no matter what the circumstances. But it is a far cry from this to say that the telephone compcmy shall not be liable no matter how gross or willful its interruption of service may be.” (Emphasis added.)
In my judgment, a prima facie case of gross negligence has been made by the plaintiff, not only by his proof but on the basis of the court’s taking judicial notice of the flagrant deterioration in telephone service which is a matter of common knowledge. As was said in Lumley v. Gye (2 El. & Bl. 216, 267; 118 Eng. Rep. 749, 768): “ Judges are not necessarily to be ignorant in Court of what everyone else, and they themselves out of Court, are familiar with.”' (Richardson, Evidence, § 9.)
Taking these elements together I find a prima facie case of gross negligence, even as defined in defendant’s brief at page *351 M 20 (citing Matter of Jenson v. Fletcher, 277 App. Div. 454, 457-458): “ It is recognized in this State that ‘ gross negligence ’ is something more than ‘ ordinary negligence ’ * # *. Such negligence is defined as ‘ disregard of the consequences which may ensue from the act, and indifference to the rights of others.’ (People v. Angelo, supra [246 N. Y. 451], p. 457; People v. Grogan, 260 N. Y. 138.) ”
The burden of proceeding was thus shifted to the defendant to come forward with evidence, not simply a memorandum of law, to rebut plaintiff’s prima facie case.
Accordingly, defendant’s motion is denied but in the interest of justice for all parties, I am directing that there be a further hearing before me on September 15, 1971 at 9:30 a.m. in Trial Term, Part 44. At that time the telephone company will have another opportunity to offer evidence as to what measures have been and are being taken to relieve and remedy this .situation or in the alternative, to establish that the plaintiff’s evidence is not true. Both parties will also be permitted to present further proof and argument on the issue of damages.