Albert E. Williams, J.
This is an action for money damages suffered by the plaintiff, Dr. Albert E. Held in the sum of $2,900. The plaintiff seeks recovery against the defendant, New York Telephone Company, for “ discontinuance of telephone services contracted for * * * and breach of duty to provide continuous telephone service to the plaintiff.”
The cases are clear and the law well settled that the telephone company’s liability is limited to gross negligence or *583 willful misconduct. (Well v. Postal Tel. Cable Co., 199 N. Y. 88; Hamilton Employment Serv. v. New York Tel. Co., 253 N. Y. 468.) The tariffs filed with the Public Service Commission provide that, “ no liability shall attach to the telephone company * * * in the absence of gross negligence or wilful misconduct.” It is clear therefore, that even though the telephone company may have limited liability, it is not immune from liability. In a proper case the telephone company may have to answer in damages for its gross negligence or willful misconduct. (Warren v. New York Tel. Co., 67 Misc 2d 348.) In the Warren case, Judge Kassal, of this court, found that the plaintiff had made out a prima facie case of gross negligence, requiring the defendant to go forward with evidence to rebut the prima facie case.
I come then to the specific question before me. At the ei^d of the plaintiff’s case and the entire case,, the defendant moved for a dismissal. The defendant asserts that the plaintiff has not made out a prima facie case Of gross negligence or willful misconduct. A brief review of the plaintiff’s evidence is essential.
The plaintiff testified that on the morning of October 28, 1970, he attempted to make a telephone call from his office on his business telephone, which happens to be also his home telephone. There was no service. He could not make or receive telephone calls. He contacted the repair- service of the defendant’s company and reported his telephone out of order. Plaintiff testified that on the first day he contacted the repair personnel at least five times and on each instance he was told the matter would be attended to. Dr. Held’s testimony continues that for the next eight days, with possibly one exception, he contacted the telephone company about the out-of-order telephone. The plaintiff further testified that in addition to the repair personnel, he contacted the business office and other parts of the defendant’s company. It was his testimony that he would call five or more times a day. At no time did anyone from the telephone company visit his office in reference to the telephone. Finally on November 6,1970, nine days after plaintiff first reported his telephone out of order, the telephone was back in working order. No one had visited him, however.
Dr. Held testified that he is listed as a medical doctor with the telephone company. He testified he impressed this fact on the repair personnel in seeking the repair of the telephone. While the telephone was out of order, he alleges he was unable *584 to receive patient referrals, Ms practice being a specialty in tonsilectomies and adenoidectomies. Persons having problems or questions about recent surgical procedures performed on their children were unable to reach him.
This case is being tried before a jury. It is for me to now determine whether based .on the evidence and testimony of the plaintiff he has established a prima facie case sufficient to go to the jury. I answer this query in the affirmative. Where, as here, a telephone subscriber is a medical doctor relying on his telephone to service his patients and that telephone service is interrupted for a period of nine consecutive days, a prima facie cage of gross negligence and willful misconduct is made out. It may very well be that the telephone company may be able to refute the length of time testified to or they may be able to convince the jury that such a delay was justified under the circumstances.
The defendant included in its motion to dismiss the argument that there had been an accord and satisfaction. The. defendant argued that since the plaintiff had been given credit on his telephone bill for the period in question, this constituted an accord and satisfaction of any claim. The court does not need to decide this question, since accord and satisfaction is an affirmative defense, which was not specifically pleaded. (CPLR 3018, subd. [b].)
The defendant’s motion to dismiss for failure to make out a prima facie case is denied.