## Matt PUPILLO[1]
### vs.
## NEW ENGLAND TELEPHONE CO.

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**March 20, 1980**

---

David W. Sugarman for the plaintiff.
William J. LeDoux for the defendant.

Present: Walsh, P.J., Cimini & McGuane, JJ.

WALSH, P.J. The complaint in this case was brought by an individual, who specialized in different types of cleaning services, against New England Telephone Company for an error made in the plaintiff's business listing in the "yellow pages" of the defendant's telephone directory. In addition to denying most of the plaintiff's allegations, the defendant raised the defense that the plaintiff was bound by a limitation of liability provision[2] that was part of the contract between the parties. The complaint is in two counts; one,

alleging breach of contract; and the other, alleging negligence. The court found for the plaintiff on both counts in the amount of $4,407.00, plus interest and costs.

A summary of the evidence shows that there was an error made in the directory listing. Unlike the usual case of an omission or of an erroneous number, plaintiff's block ad as listed contained the name and number of his principal competitor. The evidence also showed that the defendant knew that the plaintiff and the other party were competitors.

The defendant filed eight requests for rulings which were not allowed by the trial judge. The only two we need be concerned with in substance ask for a ruling that the measure of damages for the breach of error in question is controlled by the terms of the contract between the parties.

Courts have generally distinguished between the publication by a telephone company of an alphabetical directory and a classified directory. The former is considered an essential feature of the public service it renders, and the latter is uniformly held to be matter of private contract. Clauses which exonerate a public utility from the consequences of its own negligence in the public service area are carefully scrutinized. With respect to advertising, however, a utility is free to contract with its customers, and the reasonableness of their agreements will not be entered into. **McTighe v. New England Tel. & Tel. Co.**, 216 F.2d 26 (2nd Cir. 1954). If this language seems harsh, a rule with a similar limitation to that in issue here has been held to be reasonable as a part of a business telephone contract. **Russell v. Southwestern Bell Tel. Co.**, 130 F.Supp. 130, 135 (Tex. 1955): **Hamilton Emp. Service, Inc. v. New York Tel. Co.**, 253 N.Y. 468, 471 (1930). See also **Abel Holding Co. v. American Dist. Tel. Co.**, 371 A.2d 111, 113 (1977). Although admittedly in the public service area, a regulation

[2]"The applicant agrees that the Company shall not be liable to correct any omission or error in any directory, nor will it be required to give any special notice thereof of any type to its subscribers prior to the next regularly scheduled publication of this directory, nor shall it be liable for errors or omissions (including total omissions) in such directory service beyond the amount paid for the item or

542

in this Commonwealth, limiting a customer's right to recovery unless there was a complete failure of service for more than twenty-four hours and brought to the attention of the company within ten days, was held to be not unreasonable. **Wilkinson v. New England Tel. & Tel. Co.**, 327 Mass. 132, 135-136 (1951). See also **Pollock v. New England Tel. & Tel. Co.**, 289 Mass. 255, 259-260 (1935).

The plaintiff in this case alleged negligence, and the trial judge in his findings of fact specifically found that the defendant was negligent.[3] However, we feel that since the limitation contained in the advertising contract was valid, prejudicial error was made.

The contract limited the defendant's liability to the cost of the advertising involved. It was conceded at oral argument that the plaintiff paid nothing. Accordingly, the judgment for the plaintiff in count one is modified so that the damages will be reduced to nominal damages. **Rombola v. Cosindas**, 351 Mass. 382, 384 (1966). The judgment for the plaintiff on count two is vacated, and the judgment is to enter for the defendant. **Dermody v. Utley**, 328 Mass. 209, 212 (1952).

So ordered.
P.J. Walsh

items in which errors or omissions occur for the life of the diretory involved."