Roy J. NEERING, d/b/a Vogue Stylists, Plaintiff,

v.

SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Defendant.

Civ. No. 3962–J.

United States District Court
S. D. Florida,
Jacksonville Division.

July 25, 1958.

Carl G. Swanson, Jacksonville, Fla., for plaintiff.

Harold B. Wahl, Loftin & Wahl, Jacksonville, Fla., for defendant.

SIMPSON, District Judge.

This cause coming on to be heard, after due notice, on defendant's motion for summary judgment, and the Court having considered the entire record and file herein, the Court finds from the pleadings, affidavits and plaintiff's deposition (taken July 3, 1958) the following to be the undisputed facts:

1. In the 1954 issue of the defendant's telephone directory plaintiff had an advertisement in which there was an error as to telephone number. (Page 5 of Deposition).

2. Plaintiff had seven other listings in the same telephone directory which were correct. (Page 6 of Deposition).

3. Plaintiff signed an application for the directory advertising in which the error appeared, which application provided:

"The Telephone Company's liability on account of errors in or omissions of such advertising shall in no event exceed the amount of charges for the advertising which was omitted or in which the error occurred in the then current directory issue." (Page 7 of Deposition).

4. Plaintiff signed application forms for similar advertising, with the same above quoted provision, and has retained carbon copy of most of such forms, for 13 years. (Pages 10 and 21 of Deposition).

5. Plaintiff has been given credit on his account for the amount of charges for the advertising in which the error occurred. (Page 11 of Deposition).

■ This Court in the case of Silverman v. Southern Bell Telephone and Telegraph Company, Case No. 1413–J Civil, speaking through the late Judge Strum, on May 26, 1948 considered this same provision of the defendant's application form and held that it was valid. See also Hamilton Employment Service v. New York Telephone Company, 1930, 253 N.Y. 468, 171 N.E. 710, 711; Riaboff v. Pacific Telephone & Telegraph Co., 1940, 39 Cal.App.2d Supp. 775, 102 P.2d 465; 52 Am.Jur. Sec. 95, page 125; Baird v. Chesapeake & Potomac Telephone Co., 1955, 208 Md. 245, 117 A.2d 873; Shealy's, Inc. v. Southern Bell Tel. & Tel. Co., D.C., 126 F.Supp. 382; Superior Appliances, Inc. v. Southern Bell, United States District Court for the Southern District of Florida, at Miami, No. 4266–M Civil, order dated September 11, 1952.

■ Although plaintiff admits that he signed this same contract form for thirteen years he claims he did not have an opportunity to read it. However, as stated by the Florida District Court of Appeal, Second District, in Sutton v. Crane, 1958, 101 So.2d 823, at page 825, 12 Am.Jur. Contracts, Sec. 137, gives the correct rule as follows:

"* * * The rule that one who signs a contract is presumed to know its contents has been applied even to contracts of illiterate persons on the ground that if such persons are unable to read, they are negligent if they fail to have the contract read to them. If a person cannot read the instrument, it is as much his duty to procure some reliable person to read and explain it to him, before he signs it, as it would be to read it before he signed it if he were able to do so, and his failure to obtain a reading and explanation of it is such gross negligence as will estop him from avoiding it on the ground that he was ignorant of its contents."

To the same effect see Pepple v. Rogers, 1932, 104 Fla. 462, 140 So. 205, 208, where the Supreme Court of Florida says:

"It is generally the duty of every party to learn and know the contents of a contract before he signs and delivers it."

The Court finds, therefore, that there is no genuine issue as to any material fact and the defendant is entitled to summary judgment herein against the plaintiff as a matter of law.

Upon consideration it is Ordered and Adjudged that the defendant Southern Bell Telephone and Telegraph Company be granted Summary Judgment herein under Rule 56, F.R.Civ.P., 28 U.S.C.A.; that plaintiff Roy J. Neering d/b/a Vogue Stylists take nothing by his said suit; that the defendant Southern Bell Telephone and Telegraph Company go hence without day; and that the defendant recover from the plaintiff its costs herein to be taxed by the Clerk.