### ORIGINAL NEW YORK MEAT MARKET OF MIAMI BEACH, Inc. v. SOUTHERN BELL TEL. & TEL. CO.

No. 63-L-322.

Circuit Court, Dade County.
April 25, 1963.

Lewis M. Kanner, Miami, for plaintiff.

John H. Wahl, Jr., of Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for defendant.

WILLIAM A. HERIN, Circuit Judge.

Upon the motion of the defendant for summary judgment in its favor, and after consideration of the pleadings and affidavits on file, the court finds —

That the defendant telephone company's Greater Miami directory and yellow pages appendix here under consideration have a useful life of twelve months which will expire when a new issue is published in September 1963.

That by publishing the plaintiff's listings the company accepted the contract therefor, Hercules Mfg. Co. v. Wallace, 86 So.706, Anno. 19 ALR 476, 29 ALR 1352; and that the limitation of liability clause contained in the contract between the parties and pleaded as an affirmative defense by the defendant company is valid and binding, Neering v. Southern Bell, 169 Fed. Supp. 133, Saleeba v. Southern Bell (Duval C.C. 1960), 15 Fla. Supp. 159; Horn v. Southern Bell (Dade C.C. 1962), 19 Fla. Supp. 142, 43 PUR 3d 239.

That the error complained of occurred in only one of several yellow page listings contracted for by the plaintiff, and that the separate (12 months') charge as specified in the contract for that particular listing is the maximum amount for which the defendant would be liable. 7 Fla. Jur., Contracts §109; Stokes v. Barrs, 18 Fla. 656; 12 Am. Jur., Contracts, §§316, 317.

That the defendant company has adjusted its records so as to entirely eliminate any charge for the listing in which the error occurred, and thus has fully acquitted and discharged its liability to the plaintiff — with a corresponding acquittance and discharge of any liability on the part of the plaintiff to pay for the particular listing in which this error occurred. Neering v. Southern Bell, supra; Horn v. Southern Bell, supra.

It appearing that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law, it is ordered and adjudged that the defendant's motion for summary judgment is granted, and that judgment is hereby entered in favor of the defendant and against the plaintiff, and that plaintiff take nothing by its writ and the defendant go hence without day.