187 So.2d 660 (1966)
ADVANCE SERVICE, INC., a Florida Corporation, Appellant,
v.
GENERAL TELEPHONE COMPANY OF FLORIDA, a Florida Corporation, Appellee.
No. 6386.
District Court of Appeal of Florida. Second District.
June 17, 1966.
Ralph Steinberg, Tampa, for appellant.
Hugh C. Macfarlane and Brooks P. Hoyt, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
Harold B. Wahl, of Loftin & Wahl, Jacksonville, and Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, amici curiae.
ALLEN, Chief Judge.
The appellant was the plaintiff below and appealed from the summary final judgment entered in favor of the General Telephone Company of Florida, a Florida corporation, the defendant below.
A representative of the defendant corporation solicited advertising in the yellow pages of the telephone directory. Listed on the printed application for directory advertising were several different headings under which the plaintiff requested his advertisements. One of such listings was "Air Conditioning Systems-Service." Before the printing of the directory, the defendant changed this classification, under which the plaintiff requested to advertise, from "Air Conditioning Systems-Service" to "Air Conditioning Equipment-Service," and then, in the new directory, inadvertently failed to list the plaintiff under a service heading, but instead listed it under "Air Conditioning Systems-Installation." However, several other listings were correctly included in the directory under the headings requested by plaintiff. The plaintiff contends the omission under the service heading was an erroneous listing, especially in light of its application requesting it and since its business was primarily service. Damages were sought for loss in business.
The reverse side of the application contained, inter alia, the following provision:
"3. Errors and Omissions. The Telephone Company's liability shall be limited to a pro rata abatement of the total amount' payable hereunder, to the extent *661 that an error or omission affects the entire advertisement or listing."
The president of the plaintiff company was presented a copy of this application. He admitted he read the face of said application, which included on the front side a reference to the terms and conditions set forth on the reverse side.
When the error and omission was discovered by the plaintiff, the defendant credited the plaintiff with all charges that had been collected for the erroneous classification.
The court below granted a summary judgment in favor of the General Telephone Company of Florida, based on provision 3, hereinabove mentioned, and which we reiterate:
"3. Errors and Omissions. The Telephone Company's liability shall be limited to a pro rata abatement of the total amount payable hereunder, to the extent that an error or omission affects the entire advertisement or listing."
It appears from the record that the defendant corporation had complied with the contract by crediting the account of the plaintiff with all amounts previously charged for this last mentioned listing and canceling all other charges with respect thereto.
In its summary judgment, the lower court stated:
"A provision similar to the one set forth in the contract and appearing in paragraph 3 above has been considered by Courts applying the law of this State and has been held to be valid. See Neering v. Southern Bell Telephone & Telegraph Co. (1958) 169 F. Supp. 133; Horn v. Southern Bell Telephone & Telegraph Co. (1962) 19 Fla. Supp. 142; Saleeba v. Southern Bell Telephone & Telegraph Co. (1960) 15 Fla. Supp. 159; Original New York Meat Market of Miami Beach, Inc. v. Southern Bell Telephone & Telegraph Co. (1963) 21 Fla. Supp. 151. A similar conclusion has been reached in a number of other jurisdictions. See 92 A.L.R.2d 917, 935.
"Inasmuch as the plaintiff signed the application, received a copy thereof and at least read the face of the same, he is presumed to know the contents thereof. See Sutton v. Crane ([Fla.App.] 1958) 101 So.2d 823 and Neering v. Southern Bell Telephone & Telegraph Co., supra."
In Neering v. Southern Bell Telephone & Telegraph Co., 169 F. Supp. 133 (S.D.Fla. 1958), District Judge Simpson, in a case similar to this one, said:
"This Court in the case of Silverman v. Southern Bell Telephone and Telegraph Company, Case No. 1413-J Civil, speaking through the late Judge Strum, on May 26, 1948 considered this same provision of the defendant's application form and held that it was valid. See also Hamilton Employment Service v. New York Telephone Company, 1930, 253 N.Y. 468, 171 N.E. 710, 711; Riaboff v. Pacific Telephone & Telegraph Co., 1940, 39 Cal. App.2d Supp. 775, 102 P.2d 465; 52 Am.Jur. Sec. 95, page 125; Baird v. Chesapeake & Potomac Telephone Co., 1955, 208 Md. 245, 117 A.2d 873; Shealy's Inc. v. Southern Bell Tel. & Tel. Co., D.C., 126 F. Supp. 382; Superior Appliances, Inc. v. Southern Bell, United States District Court for the Southern District of Florida, at Miami, No. 4266-M Civil, order dated September 11, 1952.
"Although plaintiff admits that he signed this same contract form for thirteen years he claims he did not have an opportunity to read it. However, as stated by the Florida District Court of Appeal, Second District, in Sutton v. Crane, 1958, 101 So.2d 823, at page 825, 12 Am. Jur. Contracts, Sec. 137, gives the correct rule as follows:
"`* * * The rule that one who signs a contract is presumed to know its contents has been applied even to contracts of illiterate persons on the ground that *662 if such persons are unable to read, they are negligent if they fail to have the contract read to them. If a person cannot read the instrument, it is as much his duty to procure some reliable person to read and explain it to him, before he signs it, as it would be to read it before he signed it if he were able to do so, and his failure to obtain a reading and explanation of it is such gross negligence as will estop him from avoiding it on the ground that he was ignorant of its contents.'"
In the Annotation, "Liability of telephone company for mistakes in or omissions from its directory," 92 A.L.R.2d 917, 935, § 9, it is stated:
"In the great majority of cases, clauses merely limiting to a stated amount the liability of telephone companies on account of errors or omissions in directory listings have been held to be entirely effective, although the principles applicable to effect this result have varied in accordance with the circumstances. * * *"
Subsequently, in § 11, page 940, the Annotation states:
"If the particular limitation clause is applicable to erroneous directory listings arising in an area of the company's activities which is deemed to be private in nature  chiefly the area of contracts for advertising or listing in the `yellow pages' at a charge  rather than in the public domain, such clause is then regarded as immune from attack because it is in the realm of private contract with which the public interest may not interfere where the contract is not against public policy in a broad sense."
Among the case listed in the Annotation, which uphold the validity of contractual limitation of liability in the so-called "yellow page advertising area," are: Baird v. Chesapeake & Potomac Tel. Co. (1955) 208 Md. 245, 117 A.2d 873; Mitchell v. Southwestern Bell Tel. Co. (1957, Mo. App.) 298 S.W.2d 520; Georges v. Pacific Tel. & Tel. Co. (1960, D.C.Or.) 184 F. Supp. 571; McTighe v. New England Tel. & Tel. Co. (1954, C.A.2 Vt.) 216 F.2d 26; and Smith v. Southern Bell Tel. & Tel. Co. (1962 Tenn. App.) 364 S.W.2d 952.
In 175 A.L.R. 41, the Annotation, § 25, states:
"While there is authority for the rule that a telephone company, being a public service corporation, may not contract for exemption from liability for its negligence in transmitting messages, the rule apparently does not apply to its negligence in the preparation of its directory, for the reason that such work is only incidental to the company's main transactions."
We hold, as did the lower court, that the exculpatory clause effectively barred the action filed by the plaintiff in this case.
Affirmed.
SHANNON and PIERCE, JJ., concur.