**AFFILIATED PROFESSIONAL SERV-ICES et al., Plaintiffs–Appellants,**

v.

**SOUTH CENTRAL BELL TELEPHONE COMPANY and L. M. Berry & Co., Defendants–Appellees.**

Supreme Court of Tennessee.

Oct. 20, 1980.

Jerrold L. Becker, Knoxville, for plaintiffs–appellants.

E. Bruce Foster, Jr., Knoxville, for defendants–appellees; Frantz, McConnell & Seymour, Knoxville, Raymond Whiteaker, Jr., Nashville, of counsel.

OPINION

HARBISON, Justice.

In this case both the trial court and the Court of Appeals upheld an exculpatory clause in a contract between appellants and appellees with respect to advertising in the "yellow pages" of a telephone directory.

Appellants, an association of psychologists and social workers, contracted for listings in the classified advertising section of the 1979 Knoxville telephone directory. Their listing was omitted from the "yellow pages," and they filed suit for damages based upon negligence and breach of contract. Appellees, the telephone company and its local soliciting and advertising agent, relied upon language in the printed contract limiting their liability for errors or omissions to the cost of the advertisement. It is undisputed that appellees were not paid any part of the contracted charges and that the charges had been cancelled.

We granted the application of appellants for permission to appeal. Unless modified by the decision of this Court in *Olson v. Molzen,* 558 S.W.2d 429 (Tenn.1977), the case of *Smith v. Southern Bell Tel. & Tel. Co.,* 51 Tenn.App. 146, 364 S.W.2d 952 (1962), is dispositive of the issues. In the latter case an exculpatory clause similar to that involved here was sustained and liability was limited to the advertising charges.

In *Olson v. Molzen, supra,* the Court held invalid and contrary to public policy an exculpatory contract signed by a patient as a condition for receiving professional services from an osteopath. The Court noted that Tennessee decisions generally have sustained contracts limiting liability of one or more of the contracting parties, and the Court did not purport to disturb that rule except in limited types of cases discussed in the opinion.

Tennessee has no general statutes declaring contracts of this nature contrary to public policy. There are some specific statutes governing limited areas of commercial activity. Among them is T.C.A. § 62–624, rendering invalid indemnity or hold–harmless clauses in building and construction contracts where exculpation is provided for damages caused by the sole negligence of the promisee or indemnitee. The Uniform Residential Landlord and Tenant Act of

1975 [1] prohibits provisions in rental agreements in which the tenant agrees to the exculpation or limitation of the legal liability of the landlord to the tenant. T.C.A. § 64–2813(a)(2). Such provisions have been sustained, however, in rental agreements not falling within the coverage of the statute. *Schratter v. Development Enterprises, Inc.*, 584 S.W.2d 459 (Tenn.App.1979).[2]

As pointed out in the briefs of counsel, almost every appellate court which has considered the frequently litigated question presented in the present case has sustained the provisions of the contract limiting liability of the telephone company and its soliciting agent. For a review of many of the cases dealing with the subject, see *Gas House, Inc. v. Southern Bell Tel. & Tel. Co.*, 289 N.C. 175, 221 S.E.2d 499 (1976); *Mendell v. Mountain States Tel. & Tel. Co.*, 117 Ariz. 491, 573 P.2d 891 (App.1977).

We are of the opinion that the contract in question is not of the type considered in *Olson v. Molzen, supra*, and that it does not fall within the purview of that case. Accordingly, the common–law rule permitting exculpatory clauses such as that involved here is applicable. The case is governed by *Smith v. Southern Bell Tel. & Tel. Co.*, 51 Tenn.App. 146, 364 S.W.2d 952 (1962), and we see no reason to disturb the holding in that case.

The judgment of the Court of Appeals is affirmed at the cost of appellants.

BROCK, C. J., and FONES, COOPER and DROWOTA, JJ., concur.

---

1. Applicable in counties having a population in excess of 200,000 persons. T.C.A. § 64–2802.

2. *Cf.* provisions of the Uniform Commercial Code permitting limitations upon warranties, damages and remedies in the sale of goods. T.C.A. §§ 47–2–316, 718 and 719.