482 So.2d 518 (1986)
ELECTRONIC SECURITY SYSTEMS CORPORATION, Appellant,
v.
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Appellee.
No. 85-971.
District Court of Appeal of Florida, Third District.
January 28, 1986.
Dubow, Hoffmann & Pines and Helen Ann Hauser, Coral Gables, for appellant.
Walton, Lantaff, Schroeder & Carson and George W. Chesrow and Douglas H. Stein, Miami, for appellee.
Before BARKDULL, HENDRY and HUBBART, JJ.
HENDRY, Judge.
Plaintiff Electronic Security Systems Corp. (ESS) appeals a final summary judgment in favor of defendant Southern Bell Telephone and Telegraph Co. (Southern Bell) on ESS's claim for breach of contract and appeals a final judgment of dismissal on its tort claims.
The facts may be briefly stated. ESS entered into a contract with Southern Bell for the placement of advertising in the 1983-84 Greater Miami Yellow Pages, including a one-half page ad. The contract contained the following clause limiting Southern Bell's liability:

*519 THE TELEPHONE COMPANY'S LIABILITY ON ACCOUNT OF ERRORS IN OR OMISSIONS OF SUCH ADVERTISING SHALL IN NO EVENT EXCEED THE AMOUNT OF CHARGES FOR THE ADVERTISING WHICH WAS OMITTED OR IN WHICH THE ERROR OCCURRED IN THE THEN CURRENT DIRECTORY ISSUE AND SUCH LIABILITY SHALL BE DISCHARGED BY ABATEMENT OF THE CHARGES FOR THE PARTICULAR LISTING OR ADVERTISEMENT IN WHICH THE OMISSION OR ERROR OCCURRED.
ESS's advertising did not appear in the directory. ESS filed a three-count complaint against Southern Bell. Count I was for breach of contract; ESS alleged that Southern Bell had failed to publish the contracted-for advertising. Count II was for negligence; ESS alleged that Southern Bell had breached a duty it owed to ESS by the omission of ESS's advertising. Count III was for intentional tort; ESS alleged that Southern Bell had intentionally omitted ESS's advertising.
On motion of Southern Bell, the trial court dismissed ESS's negligence and intentional tort counts for failure to state a cause of action. The court gave ESS forty-five days to file an amended complaint. Upon ESS's failure to amend within the requisite time period, a final judgment dismissing the tort claims was entered by the trial court.
Southern Bell then moved for summary judgment on the remaining count for breach of contract. It agreed that ESS's advertising did not appear in the directory, but it argued that the limitation of liability clause precluded any recovery except for that provided in the contract. The trial court granted final summary judgment for Southern Bell.
On appeal, ESS first contends that the trial court erred in entering a final judgment of dismissal on its tort claims. It contends that the allegations raised in those counts sufficiently stated a cause of action for negligence and for intentional tort. We do not agree. ESS's negligence count was based solely on the breach of contract claim. Since a breach of contract, alone, cannot constitute a cause of action in tort, the trial court properly dismissed the negligence count. See Douglas v. Braman Porsche Audi, Inc., 451 So.2d 1038 (Fla. 3d DCA 1984); Belford Trucking Co. v. Zagar, 243 So.2d 646 (Fla. 4th DCA 1970). It is only when the breach of contract is attended by some additional conduct which amounts to an independent tort that such breach can constitute negligence. See Southern Bell Telephone and Telegraph Co. v. Hanft, 436 So.2d 40 (Fla. 1983). ESS's intentional tort count likewise did not sufficiently state a cause of action. A breach of contract cannot be converted into a tort merely by allegations of malice. American International Land Corp. v. Hanna, 323 So.2d 567 (Fla. 1975); Days v. Florida East Coast Railway Co., 165 So.2d 434 (Fla. 3d DCA 1964). We find the trial court properly dismissed ESS's intentional tort complaint.
ESS next contends that the trial court erred in entering summary judgment on the breach of contract claim as the provision limiting Southern Bell's liability is unenforceable. Again, we do not agree. A similar provision has been recognized as valid in Florida in an action against a telephone company for loss of business arising from an error in the plaintiff's yellow pages listing. Advance Service, Inc. v. General Telephone Co. of Florida, 187 So.2d 660 (Fla. 2d DCA 1966). Furthermore, the overwhelming majority of cases have upheld contract provisions limiting a telephone company's liability for errors or omissions in a directory listing. McTighe v. New England Telephone and Telegraph Co., 216 F.2d 26 (2d Cir.1954); Vails v. Southwestern Bell Telephone Co., 504 F. Supp. 740 (W.D.Okla. 1980); Pilot Industries v. Southern Bell Telephone and Telegraph Co., 495 F. Supp. 356 (D.S.C. 1979); Robinson Insurance & Real Estate, Inc. v. Southwestern Bell Telephone Co., 366 F. Supp. 307 (W.D.Ark. 1973); Neering v. Southern Bell Telephone and Telegraph Co., 169 F. Supp. 133 (S.D.Fla. *520 1958); Mendel v. Mountain States Telephone and Telegraph Co., 117 Ariz. 491, 573 P.2d 891 (Ct.App. 1977); University Hills Beauty Academy v. Mountain States Telephone and Telegraph Co., 38 Colo. App. 194, 554 P.2d 723 (1976); Woodburn v. Northwestern Bell Telephone Co., 275 N.W.2d 403 (Iowa 1979); Wille v. Southwestern Bell Telephone Co., 219 Kan. 755, 549 P.2d 903 (1976); Roll-up Shutters, Inc. v. South Central Bell Telephone Co., 394 So.2d 796 (La. Ct. App.), cert. denied, 399 So.2d 599 (La. 1981); Montana ex rel. Mountain States Telephone and Telegraph Co. v. District Court of the Second Judicial District, 160 Mont. 443, 503 P.2d 526 (1972); Gas House, Inc. v. Southern Bell Telephone and Telegraph Co., 289 N.C. 175, 221 S.E.2d 499 (1976); Richard A. Berjian, D.O., Inc. v. Ohio Bell Telephone Co., 54 Ohio St.2d 147, 375 N.E.2d 410 (1978); Affiliated Professional Services v. South Central Bell Telephone Co., 606 S.W.2d 671 (Tenn. 1980); Morris v. Mountain States Telephone and Telegraph Co., 658 P.2d 1199 (Utah 1983); Allen v. General Telephone Co. of the Northwest, 20 Wash. App. 144, 578 P.2d 1333 (1978). [1] We find no error in the trial court's entry of summary judgment in favor of Southern Bell on the breach of contract claim.
For the foregoing reasons and based upon the authorities cited, the final summary judgment and final judgment of dismissal appealed are affirmed.
Affirmed.
NOTES
[1] Contra Allen v. Mich. Bell Tel. Co., 18 Mich. App. 632, 171 N.W.2d 689 (1969); Rozeboom v. Northwestern Bell Tel. Co., 358 N.W.2d 241 (S.D. 1984); Discount Fabric House of Racine, Inc. v. Wis. Tel. Co., 117 Wis.2d 587, 345 N.W.2d 417 (1984). See generally Annot. 92 A.L.R.2d 917 (1963) (regarding liability of telephone company for mistakes or omissions in its directory).