# DELAPORTAS v BELLSOUTH ADVERTISING AND PUBLISHING COMPANY

Case No. 85-3807-CA

Fourth Judicial Circuit, Duval County

April 21, 1986

## APPEARANCES OF COUNSEL

**Leo B. Hill** for plaintiff.

**J. Carol McDonald** and **Harold B. Wahl, Wahl & Gabel,** for defendant.

## OPINION OF THE COURT

JOHN S. COX, Circuit Judge.

This cause coming on to be heard after due notice on Defendant's Motion for Summary Judgment on Damages, and Leo B. Hill, Esquire, appearing for the Plaintiff, and J. Carol McDonald and Harold B. Wahl, Esquires, appearing for the Defendant, the Court finds from the pleadings, affidavits and Plaintiff's deposition taken herein, the following to be undisputed facts:

1. Plaintiff, Pete Delaportas, (hereinafter called "DELAPORTAS")

and the Defendant, Bellsouth Advertising and Publishing Company (hereinafter called "BAPCO") entered into written contracts for Yellow Pages advertisements in the telephone directories for the year 1983-84 and 1984-85, the terms and conditions of each of which provided in paragraph 7 thereof:

"BAPCO'S LIABILITY AND THE TELEPHONE COMPANY'S LIABILITY (IF ANY) ON ACCOUNT OF OMISSIONS OF OR ERRORS IN SUCH ADVERTISING SHALL IN NO EVENT EXCEED THE AMOUNT OF CHARGES FOR THE ADVERTISING WHICH WAS OMITTED OR IN WHICH THE ERROR OCCURRED IN THE THEN CURRENT DIRECTORY ISSUE AND SUCH LIABILITY SHALL BE DISCHARGED BY ABATEMENT OF THE CHARGES FOR THE PARTICULAR LISTING OR ADVERTISING IN WHICH THE OMISSION OR ERROR OCCURRED."

2. DELAPORTAS read and understood, or had an opportunity to read and understand, and signed the contracts containing the aforesaid paragraph 7 contained in the written contracts for Yellow Pages advertising for the years 1983-84 and 1984-85; and BAPCO's liability is limited to the amount of the charges for the advertising. See *Neering v. Southern Bell*, (U.S.D.C. M.D. Fla. 1958) 169 F. Supp. 133; *Merrill Lynch v. Benton* (Fla. DCA 5, 1985) 467 So.2d 311; *Cayer v. Southern Bell*, (CC Duval, 1985) Case No. 84-8011-CA, 14 Fla. Supp.2d 25, and cases there cited; 55 Fla. Jur. 2d, *Telecommunications*, § 18, and cases there cited; *Southern Bell v. Hanft* (Fla. 1983) 436 So.2d 40 at 42; *Horne v. Southern Bell*, (CC Dade, 1962) 19 Fla. Supp. 142, 144; *Advance Services, Inc. v. General Telephone Co. of Florida* (Fla. DCA 2, 1966) 187 So. 2d 660, and cases cited; *Lucas v. Southern Bell*, Case No. 75-11789-CA, Circuit Court of Duval County, Florida, where on January 16, 1976 the Court dismissed the Complaint relying on the same limitation of liability here, affirmed per curiam by the Florida District Court of Appeal, First District, on July 16, 1976; Annotation on Telephone Directory Mistake, Omission, 92 A.L.R. 2d 919, §§ 11 and 12, pages 940, et seq.

The District Court of Appeal for the Third District on January 28, 1986, in the case of *Electronics Security Systems Corporation v. Southern Bell* affirmed a summary judgment for the Telephone Company and against Plaintiff Electronic Security System Corporation (ESS), reported at 11 FLW 283, 482 So. 2d 518, involving the same limitation of liability provision as that here:

". . . *Again, we do not agree. A similar provision has been*

**49**

*recognized as valid in Florida in an action against a telephone company for loss of business arising from an error in the plaintiff's yellow pages listing. Advance Service, Inc. v. General Telephone Co. of Florida,* 187 So.2d 660 (Fla. 2d DCA 1966). Furthermore, the overwhelming majority of cases have upheld contract provisions limiting a telephone company's liability for errors or omission's in a directory listing. *McTighe v. New England Telephone Co.,* 216 F.2d 26 (2d Cir. 1954); *Vails v. Southwestern Bell Telephone Co.,* 504 F. Supp. 740 (W. D. Okla. 1980); *Pilot Industries v. Southern Bell Telephone and Telegraph Co.,* 459 F. Supp. 356 (D. S.C. 1979); *Robinson Insurance & Real Estate, Inc. v. Southwestern Bell Telephone Co.,* 366 F. Supp. 307 (W.D. Ark. 1973); *Neering v. Southern Bell Telephone and Telegraph Co.,* 169 F. Supp. 133 (S. D. Fla. 1958); *Mendel v. Mountain States Telephone and Telegraph Co.,* 117 Ariz. 491, 573 P.2d 891 (Ct. App. 1977); *University Hills Beauty Academy v. Mountain States Telephone and Telegraph Co.,* 38 Colo. App. 194, 554 P.2d 723 (1976); *Woodburn v. Northwestern Bell Telephone Co.,* 275 N.W. 2d 403 (Iowa 1979); *Wille v. Southwestern Bell Telephone Co.,* 219 Kan. 755, 549 P.2d 903 (1976); *Roll-up Shutters, Inc. v. South Central Bell Telephone Co.,* 394 So.2d 796 (La. Ct. App.), *cert. denied,* 399 So.2d 599 (La. 1981); *Montana ex rel. Mountain States Telephone and Telegraph Co. v. District Court of the Second Judicial District,* 160 Mont. 443, 503 P.2d 526 (1972); *Gus House, Inc. v. Southern Bell Telephone and Telegraph Co.,* 289 N.C. 175, 221 S.E. 2d 499 (1976); *Richard A. Berjian, D.O., Inc. v. Ohio Bell Telephone Co.,* 54 Ohio St. 2d 147, 375 N.E. 2d 410 (1978); *Affiliated Professional Services v. South Central Bell Telephone Co.,* 606 S.W. 2d 671 (Tenn. 1980); *Morris v. Mountain States Telephone and Telegraph Co.,* 658 P. 2d 1199 (Utah 1983); *Allen v. General Telephone Co. of the Northwest,* 20 Wash. App. 144, 578 P.2d 1333 (1978). We find no error in the trial court's entry of summary judgment in favor of Southern Bell on the breach of contract claim.

For the foregoing reasons and based upon the authorities cited, the final summary judgment and final judgment of dismissal appealed are affirmed." (Underscoring added).

It will be observed that the Court cites and follows both the *Neering* and *Advance Services* cases. See also *Bankers Ins. Co. v. Valquez,* (Fla. DCA 4 1986), 483 So. 2d 440.

3. DELAPORTAS repeatedly admitted on his deposition, pages 10,

13, 16, 17, 19 and 27, that he had signed the contracts with the limitation of liability and at page 13, that he read it, including the back side.

4. Although DELAPORTAS is of foreign origin, he has been in business in this country for more than 15 years (page 30).

5. While there was a mistake in the Yellow Pages advertising, yet the White Pages of the directly correctly carried DELAPORTAS' telephone numbers for the years in question.

6. DELAPORTAS had a total Yellow Pages advertising charge for the year 1983-84 of $1,574.11, and a total Yellow Pages advertising charge of $752.99 for the year 1984-85. Because of the errors, he was given total adjustments of $296.57, so that his total adjusted charges paid to BAPCO for the two years' advertising was $2,013.44.

7. The Court finds that there is no question but that mistakes were made in the advertising, but the affidavits of the BAPCO employees showed without contradiction that Defendant and its employees exerted every effort to publish Plaintiff's advertising properly, and that any errors were inadvertent, unintentional, and probably originally stemmed from computer error.

8. DELAPORTAS neither alleges any malice on the part of BAPCO nor is any shown.

9. The Court have uniformly upheld the limitation of liability contained in paragraph 7 above quoted.

10. DELAPORTAS is bound by the contract of limitation of liability.

11. The Court finds, therefore, that there is no genuine issue as to material fact and the Defendant, BAPCO, is entitled to summary judgment herein on damages as a matter of law; that DELAPORTAS'S damages are limited to $2,013.44.

Upon consideration, it is

ORDERED and ADJUDGED that the Defendant, BELLSOUTH ADVERTISING AND PUBLISHING COMPANY, be granted summary judgment herein under F.R.C.P. 1.510 as to damages; that Plaintiff PETE DELAPORTAS, have and recover of and from the Defendant, BELLSOUTH ADVERTISING AND PUBLISHING COMPANY, the sum of $2,013.44.