Robert BURDICK, Plaintiff,

v.

BANK OF AMERICA, N.A., etc., et al., Defendants.

Case No. 14–62137–CIV.

United States District Court, S.D. Florida.

Signed April 14, 2015.

Ashley Renee Eagle, The Law Offices of Jeffrey N. Golant, P.A., Jeffrey N. Golant, Coral Springs, FL, for Plaintiff.

Brendan I. Herbert, Christopher Stephen Carver, Akerman Senterfitt, John W. Bustard, Shutts & Bowen, Miami, FL, David S. Kantrowitz, David L. Permut, David Rosenberg, Katherine A. Aldrich, Goodwin Procter, LLP, Boston, MA, for Defendants.

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS AND RELATED MOTIONS

JAMES I. COHN, District Judge.

**THIS CAUSE** is before the Court upon the following:

1. Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Amended Complaint [DE 37], Plaintiff's Response [DE 45], and Defendant's Reply [DE 50].

2. Defendants Green Tree Servicing's and Green Tree Insurance Agency's Motion to Dismiss Plaintiff's Amended Complaint [DE 44], Plaintiff's Response [DE 52], and Defendants' Reply [DE 63].

3. Plaintiff's Unopposed motion to Exceed Page Limits [DE 51].

4. Defendants Green Tree Servicing's and Green Tree Insurance Agency's Agreed Motion to Exceed the Page Limit in their Reply to Plaintiff's Response to Its Motion to Dismiss Plaintiff's First Amended Complaint [DE 62],

The Court has considered these motion papers and is otherwise advised in the premises. As a preliminary matter, the parties' motions to exceed this Court's page limits [DE 51 & 62] are **GRANTED** and the Court has considered the substance of the parties' filings. As set forth below, the Court will **GRANT in part and DENY in part** Defendants' Motions to Dismiss.

## I. Background

Plaintiff sues Defendants for alleged bad acts that they committed while servicing Plaintiff's residential mortgage. Plaintiff originally obtained this mortgage through the now-defunct Countrywide Home Loans, Inc. ("Countrywide"). [DE 31 at 3.] Countrywide later sold the mortgage to The Bank of New York Mellon ("Mellon"), a mortgage securitization trust, but continued to act as the mortgage's servicer. [*Id.* at 3–4.] At some point thereafter, Defendant Bank of America, N.A. ("Bank of America") purchased Countrywide and took over servicing the debt. [*Id.* at 4.]

Considered in the light most favorable to Plaintiff, his First Amended Complaint alleges that in late 2011, Bank of America wrongfully charged Plaintiff for force-placed insurance. [*Id.* at 6.] Plaintiff alleges that Bank of America force-placed this insurance even though Plaintiff maintained adequate coverage on the property. [*Id.* at 15.] Thereafter, Bank of America rejected Plaintiff's efforts to make his proper mortgage payment, accelerated the mortgage debt, and initiated foreclosure proceedings in state court. [*Id.* at 6–7.] This foreclosure action remains pending. In December 2012, Defendant Green Tree Servicing, LLC ("Green Tree Servicing") took over the servicing of the mortgage and continued the foreclosure proceedings. [*Id.* at 5–6.]

Further, in April 2014, Green Tree Servicing and Defendant Green Tree Insurance Agency ("Green Tree Insurance") wrongfully force-placed and charged Plaintiff for additional insurance on the mortgaged property. On February 11, 2014, Plaintiff sent Green Tree Servicing a qualified written request under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, notifying Green Tree Servicing that its additional force-placement of insurance was improper. [*Id.* at 10.] Green Tree Servicing failed to conduct an investigation in response to this letter, [*Id.* at 11–12.] Finally, on June 12, 2014, Defendant Green Tree Servicing sent Plaintiff a letter that stated that Plaintiff failed to submit his required monthly mortgage payments from June 1, 2010, through June 1, 2014, that Plaintiff owed $42,398.72 on the mortgage, and that Green Tree Servicing was the creditor on the mortgage, [*Id.* at 7, 9.]

Plaintiff brings five claims related to these allegations: (1) Violation of the Federal Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1601 *et seq.*, against Green Tree Servicing [*id.* at 9]; (2) Violation of RESPA against Green Tree Servicing [*id.* at 10–12]; (3) Negligence against Green Tree Servicing [*id.* at 12–14]; (4) Negligence against Bank of America [*id.* at 14–15]; and (5) Tortious Interference with Contract against both Green Tree Servicing and Green Tree Insurance [*id.* at 16–19].

Defendants now move to dismiss Plaintiffs claims. They argue that Plaintiff's claims are deficient under Federal Rule of Civil Procedure 12(b)(6). [DE 37 at 16–20;

DE 44 at 1.] Further, Bank of America argues that the Court should abstain from considering this case during the pendency of the state court foreclosure proceeding pursuant to the Supreme Court's decision in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). [DE 37 at 10–14.]

## II. Rule 12(b)(6) Standard

Per Rule 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. *Glover v. Liggett Grp., Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006). Any "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiffs favor. *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Id.* Accordingly, a well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." *Id.* at 556, 127 S.Ct. 1955.

## III. Discussion

Defendants move to dismiss each of Plaintiff's five claims. Further, Defendant Bank of America urges the Court exercise *Colorado River* abstention and dismiss this entire case pending the resolution of the state court foreclosure proceedings. The Court will address Bank of America's *Colorado River* argument first, and then turn to Plaintiff's individual claims.

### A. Colorado River Abstention is Not Appropriate

In *Colorado River,* the Supreme Court held that a federal district court could abstain from addressing an action if "(1) a parallel lawsuit was proceeding in state court, and (2) judicial-administration reasons so demanded abstention." *Jackson–Platts v. Gen. Elec. Capital Coro.,* 727 F.3d 1127, 1140 (11th Cir.2013). That said, "[g]enerally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River,* 424 U.S. at 817, 96 S.Ct. 1236 (internal quotation marks omitted). Rather, the federal courts have "a virtually unflagging obligation" to exercise the jurisdiction granted them. *Id. Colorado River* abstention is thus appropriate "only in exceptional circumstances." *Ambrosia Coal & Const. Co. v. Pages Morales,* 368 F.3d 1320, 1328 (11th Cir.2004) (internal quotation marks omitted).

The Eleventh Circuit has clarified the tests that a district court should employ in evaluating whether to abstain under *Colorado River.* Pursuant to *Ambrosia Coal & Const. Co.,* the Court must inquire whether the state and federal proceedings "involve substantially the same parties and substantially the same issues." 368 F.3d at 1330. If they do, the district court then weighs the following six factors: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal

law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

*Id.* at 1331. This evaluation is "heavily weighted in favor of [a federal court's] exercise of jurisdiction." *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765(1983)).

■ In conducting the inquiry in this case, the Court enjoys the benefit of its recent decision in *Hamilton v. Suntrust Mortgage, Inc.*, 6 F.Supp.3d 1300 (S.D.Fla. 2014), which considered *Colorado River* abstention in similar circumstances. In both *Hamilton* and the instant case, the federal-court plaintiff maintained a counterclaim concerning the validity of force-placed insurance premiums in a state-court foreclosure action. *See* 6 F.Supp.3d at 1306. In *Hamilton*, the plaintiff sued in federal court for damages based upon the defendants' decision to charge allegedly inflated premiums for this insurance. *Id.* at 1303–04. Here, Plaintiff sues for Defendants' allegedly wrongful decisions to force-place insurance at any price, and their prosecution of a foreclosure action after Plaintiff failed to include the force-placed insurance premiums in his monthly payments. [DE 31 at 6–7.]

As in *Hamilton*, and for similar reasons, the Court will decline to abstain. Even assuming that the required substantial similarity of the parties and issues exists, consideration of the six factors identified above does not warrant abstention. The first factor weighs against abstention because the federal proceeding is not brought in rem. The state court's jurisdiction over the secured property is therefore not meaningful. *Ambrosia Coal & Construction Co.*, 368 F.3d at 1332; *see also Hamilton*, 6 F.Supp.3d at 1306. The second factor also weighs against abstention because both the federal and state forums are equally convenient. Third, this case

presents no danger of piecemeal litigation beyond the "unremarkable repetition of efforts and possibly some piece-by-piece decision-making" at issue in both *Hamilton* and *Ambrosia Coal & Constr. Co. See Hamilton*, 6 F.Supp.3d at 1307. The fourth factor may weigh slightly in favor of abstention as, per Bank of America, the state-court case has already advanced through the summary judgment stage. The fifth factor weighs against abstention because two of Plaintiff's claims are based upon federal statutes and the remainder concern relatively uncomplicated issues of Florida law of the kind federal courts routinely decide. And finally, the sixth factor neither favors nor disfavors abstention because both this Court and the Florida courts are equally capable of protecting the parties' rights.

In total, the factors that the Eleventh Circuit identified for consideration in *Ambrosia Coal & Constr. Co.* weigh moderately against abstention. The circumstances of this case therefore do not derogate the Court's ordinary duty to address the controversies brought before it. *See Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236. The Court will therefore decline to abstain.

**B. Plaintiff's Negligence claims against Bank of America and Green Tree Servicing will be dismissed.**

■ The Court now turns to Defendants' arguments under Federal Rule of Civil Procedure 12(b)(6). Bank of America and Green Tree Servicing both move to dismiss the separate negligence claims that Plaintiff has brought against them. Each negligence count concerns Defendants' handling of purportedly improper force-placement of insurance on the mortgaged property. Plaintiff sues Bank of America for the improper placement in the first instance, and for its subsequent failure to correct Plaintiff's account balance when it allegedly realized its error. [DE

31 at 15.] Plaintiff sues Green Tree Servicing for failing to properly investigate his account after Plaintiff informed it of the inappropriate charges. [*Id.* at 13.]

 The Court will dismiss these claims because they should have been brought in contract rather than in Negligence. To properly plead Negligence under Florida law, a plaintiff must allege four elements: (1) a duty; (2) breach of that duty; (3) causation; and (4) harm. *Florida Dept. of Corrections v. Abril,* 969 So.2d 201, 205 (Fla.2007) ("[A] plaintiff must establish that the defendant owed a duty, that the defendant breached that duty, and that this breach caused the plaintiff damages."). Importantly, however, the alleged duty cannot stem from a contractual relationship between the parties. "It is only when the breach of contract is attended by some additional conduct which amounts to an independent tort that such a breach can constitute negligence." *Tiara Condominium Ass'n Inc. v. Marsh & McLennan Companies, Inc.,* 110 So.3d 399, 408–09 (Fla.2013) (Pariente, J., Concurring) (quoting *Elec. Sec. Sys. Corp. v. S. Bell Tel. & Tel. Co.,* 482 So.2d 518, 519 (Fla.Dist.Ct. App.1986)). To bring a Negligence claim under Florida law, a party must ʼdemonstrate that "the tort is independent of any breach of contract claim." *Id.* at 408.

Here, Plaintiff alleges that with respect to the force-placed insurance, Defendants Bank of America and Green Tree .Servicing violated their duties to properly service Plaintiff's mortgage. But, as Defendants observe, these duties arise from the mortgage contract and promissory note. [DE 37 at 17; DE 44 at 7.] This Court is no

stranger to litigation concerning allegedly improper force-placement of insurance. *See, e.g., Hamilton v. Suntrust Mortg., Inc.,* 6 F.Supp.3d 1300 (S.D.Fla.2014); *Martorella v. Deutsche Bank Nat. Trust Co.,* 931 F.Supp.2d 1218 (S.D.Fla.2013); *Abels v. JPMorgan Chase Bank, N.A.,* 678 F.Supp.2d 1273 (S.D.Fla.2009); *Almanzar v. Select Portfolio Servicing, Inc.,* No. 14–22586–CIV–MORENO, 2015 WL 1359150 (S.D.Fla. Mar. 24, 2015); *Wilson v. EverBank, N.A.,* No. 14–22264–CIV–BLOOM, 77 F.Supp.3d 1202, 2015 WL 265648 (S.D.Fla. Jan. 6, 2015); *Persaud v. Bank of America, N.A.,* 14–21819–CIV–ALTONAGA, 2014 WL 4260853 (S.D.Fla. Aug. 28, 2014); *Mahdavieh v. Suntrust Mortg., Inc.,* No. 13–62801–CIV–COHN, 2014 WL 1365425 (S.D.Fla. Apr. 7, 2014); *Williams v. Wells Fargo Bank N.A.,* No. 11–21233–CIV–ALTONAGA, 2011 WL 4901346 (S.D.Fla. Oct. 14, 2011). In each of these identified cases, the Court found that the plaintiffs properly stated a claim for breach of contract for allegedly improper force-placement of insurance. Courts have so held regardless of whether the mortgage servicer is a signatory to the contract, so long as Plaintiff has assented to the mortgage holder's ability to employ a new servicer governed by the same duties set forth in the original mortgage contract. *See Blake v. Bank of Am., N.A.,* 845 F.Supp.2d 1206, 1211–12 (S.D.Ala.2012). Accordingly, Plaintiff has not alleged that Defendants' purported negligence is "independent of any breach of contract claim" as Florida law requires. *Tiara Condominium Ass'n, Inc.,* 110 So.3d at 408 (Pariente, J., Concurring).[1]

---

1. In what appears to be a matter of first impression, the Court also holds this reasoning applicable to Plaintiff's claim of negligence per se based upon Defendant Green Tree Servicing's alleged violation of RESPA. Per Justice Barbara J. Pariente's concurrence in *Tiara Condominium Ass'n Inc.,* a negligence claim "must be attended by *additional* conduct*"* separate from the breach of contract to survive a motion to dismiss. 110 So.3d at 408–09 (emphasis added). Whether a defendant's negligence-law duty stems from a general duty of care or a consumer protection statute such as RESPA simply does not factor into the analysis.

■ Finally, Plaintiff argues that Defendants breached certain fiduciary duties that they owed to Plaintiff by virtue of their management of Plaintiff's escrow account. [DE 45 at 13.] Plaintiff contends that these fiduciary duties can properly support his negligence claims. [*Id.*] Such a claim for breach of fiduciary duty may lie. *See Mahdavieh,* 2014 WL 1365425, at *4–5. But "[N]egligence and breach of fiduciary duty claims are distinct and separate causes of action." *Tiara Condominium Ass'n v. Marsh USA,* 991 F.Supp.2d 1271, 1280 (S.D.Fla.2014). This argument therefore cannot save Plaintiff's negligence claims.

**C. Plaintiff states a claim for Tortious Interference With A Business Relationship against Defendants Green Tree Servicing and Green Tree Insurance.**

■ Plaintiff's allegations of Tortious Interference With Contract, found at Count V of the Complaint, do state a claim, however. The claim, properly termed "tortious interference with a business relationship," has four elements under Florida law: " '(1) the existence of a business relationship under which the plaintiff has legal rights; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with that relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the business relationship.' " *Persaud v. Bank of Am., N.A.,* No. 14–21819–CIV–ALTONAGA, 2014 WL 4260853, at *14 (S.D.Fla. Aug. 28, 2014).

As Plaintiff observes in response to the Green Tree Defendants' Motion, this Court has often found that a plaintiff has properly stated a claim for tortious interference with a business relationship in cases alleging wrongful force-placement of insurance. [*See* DE 52 at 9 (citing *Persaud,* 2014 WL 4260853; *Williams,* 2011 WL 4368980; *Cardin v. ING Bank,* No. 13–80659–CIV–

RYSKAMP (S.D.Fla. Mar. 20, 2014); *Hamilton,* 6 F.Supp.3d 1312; *Jackson v. U.S. Bank, N.A.,* 44 F.Supp.3d 1210 (S.D.Fla.2014); *Montoya v. PNC Bank,* No. 14–20474–CIV–GOODMAN, 2014 WL 4248208 (S.D.Fla. Aug. 27, 2014); *Novell v. Bank of Am.,* No. 14–80672–CIV–ROSENBERG, 2014 WL 7564678 (S.D.Fla. Dec. 3, 2014); *Wilson,* 77 F.Supp.3d 1202, 2015 WL 265648).]

■ This case is not meaningfully different. Here, in the light most favorable to Plaintiff, the Amended Complaint alleges that Defendants Green Tree Servicing and Green Tree Insurance conspired in bad faith to improperly force-place insurance on Plaintiff's property, and that this conduct interfered with the relationship between Plaintiff and the holder of his mortgage. [*See* DE 31 at 16–17.]

In reaching this conclusion, the Court rejects Defendants' arguments that such a claim requires Plaintiff to plead breach of an interfered-with contract [DE 44 at 10], that Plaintiff has failed to properly allege damages [*Id.* at 12–14], and that Defendant Green Tree Servicing cannot be sued for tortious interference "because Green Tree [Servicing] was acting as the servicing agent of the mortgage holder with regard to the purchase of the insurance at issue," [*Id.*]. This Court addressed and rejected nearly identical arguments in *Persaud v. Bank of Am., N.A.* The Court sees no reason to deviate from this approach here. *See Persaud,* 2014 WL 4260853, at *15; *see also Hamilton v. Suntrust Mortg., Inc.,* 6 F.Supp.3d 1312, 1319–21 (S.D.Fla.2014).

**D. Plaintiff's RESPA and FDCPA claims**

Finally, the Court turns to Plaintiffs FDCPA and RESPA claims. Defendant Green Tree Servicing argues that the Court should dismiss these claims because

Plaintiff does not sufficiently allege his damages. [DE 44 at 5.]

In the FDCPA claim contained in Count I of the Amended Complaint, Plaintiff states that "[a]s a result of [Green Tree Servicing's] violation of 15 U.S.C. § 1692e(2)(a), Borrower is entitled to an award of actual damages, statutory damages for each violation in the total amount of $3,000, attorneys' fees, and litigation costs." [DE 31 at 9.] Defendant Green Tree Servicing moves to dismiss the FDCPA claim "to the extent that [Plaintiff] is seeking $3,000 in statutory damages, which amount is ·in excess of the $1,000 permitted by statute." [DE 44 at 4.] As Plaintiff concedes, Defendant is correct that the FDCPA does not permit Plaintiff to recover the $3,000 in statutory damages that he claims. [DE 52 at 3 (citing *Harper v. Better Business Servs., Inc.,* 961 F.2d 1561, 1563 (11th Cir.1992)).] Plaintiff's FDCPA claim will therefore be dismissed to the extent that it seeks more than $1,000 in statutory damages, but will otherwise be allowed to proceed.

■ Defendant Green Tree Servicing also argues that Plaintiff's RESPA claim should be dismissed for failure to properly allege damages. [DE 44 at 5.] Plaintiff alleges that Defendant Green Tree Servicing violated RESPA by failing to conduct a required investigation in response to Plaintiff's Qualified Written Request of February 11, 2014. [DE 31 at 10–11.] As a result, Plaintiff claims that he suffered damages. The Amended Complaint elaborates:

Those damages include attorney's fees related to legal services rendered in connection with the pending state court foreclosure and his efforts .to invoke the RESPA error resolution procedures, the cost of preparing and sending the attached correspondence to [Green Tree Servicing], emotional distress arising from the unjustified risk of losing his home, unwarranted fees and finance charges flowing from the failure to properly credit his payments, and damage to his credit rating.

[DE 31 at 12.]

■ These allegations are sufficient. To satisfy the federal rules, "a plaintiff need not specify his damages in detail, so long as his prayer for relief fairly encompasses the damages sought." *Newton v. Palm Coast Recovery Corp.,* No. 13–62051–CIV–COHN, 2014 WL 293484, at *3 (S.D.Fla. Jan. 27, 2014) (citing *Levine v. World Fin. Network Nat'l Bank,* 437 F.3d 1118, 1123–24 (11th Cir.2006)).

Defendant contends that Plaintiff's alleged damages are "not related to, or connected to [Green Tree Servicing's] response to Plaintiff's QWR," and that they instead relate to the prior foreclosure action on Plaintiff's home. [DE 44 at 6.] But the two are not mutually exclusive. Defendant's RESPA violation could plausibly have exacerbated the foreclosure proceedings and led Plaintiff to suffer additional harm that he would not have experienced absent the violation. Such a plausible allegation is all that is required to survive a motion to dismiss.

## IV. CONCLUSION

The Court grants in part and denies in part Defendants' motions to dismiss. Upon consideration, the Court will permit Plaintiff leave to amend. Such leave will require a continuance of the trial date and extension of the pretrial deadlines in this action. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Unopposed Motion to Exceed Page Limits [DE 51] is **GRANTED.**

2. Defendants Green Tree Servicing's and Green Tree Insurance Agency's Agreed Motion to Exceed the Page Limit in Their Reply to Plaintiff's Response to Its Motion to Dismiss Plaintiff's First

Amended Complaint [DE 62] is **GRANTED.**

3. Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Amended Complaint [DE 37] is **GRANTED in part and DENIED in part** as follows.

 a. Plaintiff's Negligence claim against Bank of America N.A. (Count IV) is **DISMISSED without prejudice.**

 b. The Motion is **DENIED** in all other respects.

4. Defendant Green Tree Servicing's and Green Tree Insurance Agency's Motion to Dismiss Plaintiff's Amended Complaint [DE 44] is **GRANTED in part and DENIED in part** as follows.

 a. Plaintiff's FDCPA claim against Defendant Green Tree Servicing (Count I) is **DISMISSED without prejudice,** to the extent that it alleges statutory damages in excess of $1,000.

 b. Plaintiff's Negligence claim against Defendant Green Tree Servicing (Count III) is **DISMISSED without prejudice.**

 c. The Motion is **DENIED** in all other respects.

5. Plaintiff may file a Second Amended Complaint consistent with this Order on or before April 28, 2015.

6. The Court shall enter a separate Amended Scheduling Order resetting the trial date, calendar call, and pretrial deadlines in this action.